En el Tribunal Supremo de Puerto Rico

| IN RE:                    | QUERELLA   |
|---------------------------|------------|
| ROBERTO CARDONA UBIÑAS    | 98TSPR114  |

Número del Caso: CP-96-12

Abogados Parte Querellante:    LCDO. CARLOS LUGO FIOL
                               PROCURADOR GENERAL

                               LCDA. IVONNE CASANOVA PELOSI
                               PROCURADORA GENERAL AUXILIAR

Abogado Parte Querellada:    LCDO. MANUEL BISMARCK TORRES NEGRON

Fecha: 7/29/1998

Materia: CONDUCTA PROFESIONAL

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


IN RE:


ROBERTO CARDONA UBIÑAS                    CP-96-12




PER CURIAM


San Juan, Puerto Rico, a 29 de julio de 1998.


A principios de 1993, el Lcdo. Angel Roberto Cardona Ubiñas, autorizado a ejercer la abogacía desde enero de 1985, fue contratado por Héctor González Reyes para que les representara a él y a su hija Ana González en una querella, instada contra ellos por el arrendador de éstos ante el tribunal municipal de San Sebastián, por alegado mal uso de la propiedad arrendada. También pactaron que Cardona representaría a los González en una demanda contra el arrendador por incumplimiento de contrato y daños y perjuicios. Para esta última gestión se pactaron honorarios contingentes al resultado del pleito.

El 3 de septiembre de 1993, se presentó la demanda, y el 11 de octubre de 1994 se celebró una

vista en su fondo.  Los abogados de las partes le informaron al tribunal que había posibilidades de transigir el caso, por lo cual solicitaron un término para someter una transacción por escrito.  El tribunal concedió diez días para que las partes sometieran una estipulación escrita con todos los hechos y el derecho aplicables, de modo que, una vez recibida ésta, el caso se resolviera por el expediente.  Las partes no presentaron dicha estipulación.  Además, surge del expediente que el licenciado Cardona tampoco notificó a sus clientes sobre la posibilidad de transacción.

El 1 de diciembre de 1994, el tribunal de instancia erradamente dictó la siguiente sentencia, archivada el 6 de diciembre:  "Por haber llegado las partes a una transacción extra-judicial, se tiene por desistido el caso con perjuicio." Dicha determinación no está sostenida por ningún escrito de las partes que obre en los autos.  El  licenciado Cardona no se expresó sobre la misma y tampoco le informó sobre ella al demandante González.

En enero de 1995, Cardona se reunió con los González y les habló de la alta probabilidad que tenían de prevalecer en el caso; prepararon la estipulación requerida en octubre de 1994 por el tribunal y la presentaron el 22 de febrero de 1995.  La misma sólo contiene la posición de la parte demandante, con la firma del licenciado Cardona.

El 24 de abril de 1995, el foro de instancia emitió una resolución, notificada en mayo[1], en la cual concedió cinco

---

[1] No es posible determinar la fecha exacta del volante de la notificación.

días a los abogados de las partes para informar si hubo transacción extrajudicial. Cardona no compareció a cumplir la orden.

El 23 de mayo de 1995, González se encontró con el demandado en su caso, René Rivera Quiles. Este le informó que su abogado le había dicho que ya el caso estaba "planchado". Preocupado, González fue al día siguiente al Triunal Superior, a verificar el expediente de su caso. Fue entonces cuando se enteró de la sentencia de diciembre de 1994 que daba el caso por desistido. Inmediatamente, González presentó moción por derecho propio para informar al tribunal que ni a él ni a su hija se les había notificado sobre transacción alguna; que no había habido reunión alguna para llegar a un arreglo; y que desconocían de la sentencia referida. El 2 de junio de 1995, el tribunal notificó Resolución en la cual enviaba copia de la referida moción al licenciado Cardona y le ordenaba se expresara sobre ella en diez días. Cardona no cumplió la orden aludida ni informó a sus clientes sobre el estado del caso.

González trató, infructuosamente, de comunicarse con Cardona, en muchas ocasiones. Le envió mensaje con su esposa, y una carta certificada con acuse de recibo, los cuales Cardona no contestó. Posteriormente, González decidió contratar a otro abogado, quien también llamó varias veces a Cardona, pero tampoco obtuvo respuesta.

El 23 de junio de 1995, González compareció --por segunda vez-- por derecho propio ante el tribunal, entre otras cosas, para solicitar que se dictara sentencia a base de la prueba

contenida en el expediente. El tribunal emitió una resolución, notificada el 11 de julio, en la cual señalaba que, por haberse llegado a transacción, ya se había desistido de la demanda. La resolución se le notificó también al licenciado Cardona, quien no se expresó sobre la misma.

González contrató entonces a un tercer abogado, el Lcdo. Samuel Padua Flores, quien le escribió al licenciado Cardona para informarle que los González solicitaban que renunciara y para pedirle el expediente del caso. Le envió también copia de la moción en solicitud de asumir la representación legal de los González, que presentó ante el tribunal el 12 de julio de 1995. Además, el licenciado Padua presentó moción para informar que le había solicitado la entrega de expediente al licenciado Cardona y moción de relevo de sentencia. En ésta última explicaba que, a pesar de la sentencia dictada, no había habido ninguna transacción y que la parte demandada no había firmado la estipulación de hechos que se presentó el 22 de febrero de 1995. Solicitó se dejase sin efecto la sentencia del 1 de diciembre de 1994, y se señalase vista sobre el estado de los procedimientos.

El 1 de agosto de 1995, el tribunal emitió una resolución mediante la cual dejó sin efecto la referida sentencia y señaló juicio. El 8 de septiembre de 1995, el licenciado Padua presentó moción en solicitud de orden, en la cual solicitaba se ordenara a Cardona renunciar a la representación de los González y entregarle de inmediato el expediente. El tribunal, mediante resolución, ordenó al licenciado Cardona expresarse sobre la moción dentro de diez días. Este no se

manifestó. El 25 de octubre de 1995, el licenciado Padua presentó moción de desacato contra el licenciado Cardona, por no haber recibido comunicación alguna de éste. El tribunal ordenó se entregara el expediente el 27 de octubre; ese día se recogió el mismo en la oficina de Cardona.

A la vista del 2 de noviembre de 1995 compareció, además de las partes y sus abogados, el licenciado Cardona Ubiñas. Entre los incidentes que se suscitaron en sala, Cardona Ubiñas se expresó despectivamente contra González y le amenazó con demandarle en daños y perjuicios. Fue entonces cuando el tribunal le relevó de la representación legal del caso.

Paralelamente, el 17 de agosto de 1995, González presentó queja ante nos contra el licenciado Cardona Ubiñas. Alegó haber desconocido la posibilidad de una transacción en su caso; que por su propia gestión supo de la sentencia que dio por desistida la demanda; que la estipulación de hechos se preparó en enero de 1995 y se presentó al tribunal en febrero; que el licenciado Cardona no contestó ninguno de los requerimientos del tribunal para aclarar si hubo transacción; que el demandado le informó que su abogado le dijo que el caso estaba "planchado"; y que después del 26 de mayo de 1995 hizo múltiples gestiones para reunirse con el licenciado Cardona, por teléfono y carta, y el último no contestó ninguna.

Luego de varios trámites procesales, dirigimos la querella a la Oficina del Procurador General. El 10 de noviembre de 1995, dicha Oficina le escribió al licenciado Cardona para solicitarle que, en el término de diez días, sometiera la información necesaria para evaluar la queja en su

contra. Este no respondió a dicha carta, por lo cual el Procurador tuvo que requerirle nuevamente. Después de la investigación de rigor, dicha oficina presentó ante nos, el 20 de septiembre de 1996, un informe sobre la conducta del querellado, en consecuencia del cual ordenamos al Procurador General a presentar la querella correspondiente.

## II

El 30 de octubre de 1996, el Procurador General presentó ante nos querella contra el Lcdo. Ángel Roberto Cardona Ubiñas. Le imputó los siguientes cargos:

## CARGO I

El Lcdo. Cardona Ubiñas violó las disposiciones del Canon 18 de Ética Profesional el cual, entre otras cosas, obliga a todo abogado a defender los intereses de su cliente diligentemente[,] desplegando en cada caso su m[á]s profundo saber y habilidad y actuando en aquella forma en que la profesión jurídica en general estima adecuada y responsable.

## CARGO II

El Lcdo. Roberto Cardona Ubiñas violó las disposiciones del Canon 19 de Ética Profesional[,] el cual, entre otras cosas, obliga a todo abogado a mantener a su cliente siempre informado de todo asunto importante que surge en el desarrollo del caso que le ha sido encomendado y a notificar a su cliente de cualquier oferta de transacción hecha por la otra parte.

CARGO III

El Lcdo. Roberto Cardona Ubiñas violó las disposiciones del Canon 20 de Ética Profesional el cual, entre otras cosas, obliga a todo abogado, al ser efectiva su renuncia, el hace[r] entrega inmediatamente a su cliente de todo documento relacionado con su caso.

CARGO IV

El Lcdo. Roberto Cardona Ubiñas violó las disposiciones del Criterio General que regula la relación abogado cliente[,] requiriendo [sic] de todo abogado un trato profesional caracterizado por la m[á]s devota lealtad y la m[á]s completa honradez.

III

El 21 de febrero de 1997, mediante resolución al efecto, nombramos Comisionado Especial para este caso al Lcdo. Flavio E. Cumpiano Villamor. El informe de este Comisionado Especial señala que el Procurador General, durante la vista del caso, indicó que se debía desistir de la querella contra el licenciado Cardona Ubiñas. Entre sus fundamentos, el Procurador mencionó una indemnización de $15,000 que el querellado entregó al querellante, a modo de indemnización por los daños que hubiere podido sufrir. El Comisionado Especial recomendó, pues, a este Tribunal, aceptar el desistimiento de la querella, con el siguiente comentario particular:

> "[...] no hubo conducta o actuación violentadora de los C[á]nones de Ética Profesional por el Lcdo. Cardona Ubiñas. *Si acaso, pudo haber* falta de

comunicación entre abogado y cliente. Ello, no obstante, en nada perjudicó al querellante pues la anómala situación surgida en su caso ante el Tribunal Superior y que le llevó a equivocadamente creer que el Lcdo. Cardona Ubiñas había llegado a un acuerdo a sus espaldas, fue eventualmente corregida, tuvo su día en corte y los daños a los que [é]l, también *equivocadamente*, entendió estaría expuesto, no se dieron". (Énfasis añadido).

IV

De los hechos relatados, que surgen del propio informe del Comisionado Especial y del expediente de autos, se desprende claramente que el querellado en este caso no cumplió adecuadamente con los deberes profesionales que se esperan de un abogado en la representación de sus clientes. No actuó diligentemente para atender el caso que tenía encomendado. Además, no mantuvo informados a sus clientes sobre el desarrollo del caso, como exige el Canon 19 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual, en lo pertinente, dispone:

El abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Siempre que la controversia sea susceptible de un arreglo o transacción razonable debe aconsejar al cliente el evitar o terminar el litigio, y es deber del abogado notificar a su cliente de cualquier oferta de transacción hecha por la otra parte.

Es menester recalcar que anteriormente hemos mencionado una sentencia como asunto que debe informarse inmediatamente al cliente. Colón Prieto v. Géigel, 115 D.P.R. 232 (1984). El licenciado Cardona actuó en claro menosprecio de dicha obligación.

Además de incumplir con su deber de informar, el querellado tampoco cumplió a cabalidad con la diligencia requerida por el Canon 18 en el trámite del asunto para el cual le contrataron. El referido Canon establece, en lo pertinente:

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Reiteradamente hemos afirmado que todo abogado tiene el deber de aplicar en cada caso sus conocimientos, experiencias y habilidad de manera adecuada, responsable, capaz y efectiva. In re: Vélez Valentín, 124 D.P.R. 403 (1989). Un patrón de indiferencia, desidia, despreocupación, inacción y displicencia en el manejo de un caso constituye una violación al Canon 18. In re: Arana Arana, 112 D.P.R. 838 (1982). Consideramos que en esto último raya la conducta exhibida por el querellado a lo largo del accidentado curso procesal del caso de sus clientes, al no aclarar los errores y malos entendidos que surgieron.

En vista, sin embargo, de que el querellado indemnizó al querellante por los daños que aquél pudo haberle causado, lo cual es un atenuante respecto a su conducta impropia; y en vista, además, de que tanto el Procurador General como el Comisionado Especial recomiendan el archivo de la querella, resolvemos así hacerlo, no sin antes censurar al querellado licenciado Angel Roberto Cardona Ubiñas por la pobre conducta profesional desplegada, y apercibirle de que, en lo sucesivo,

deberá cumplir estrictamente con los deberes que exigen los Cánones de Ética Profesional para con sus clientes. De volver a incurrir en otra falta al deber profesional, no seremos tan benévolos.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


IN RE:


ROBERTO CARDONA UBIÑAS                      CP-96-12




SENTENCIA


San Juan, Puerto Rico, a 29 de julio de 1998.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se censura al querellado, Lcdo. Angel Roberto Cardona Ubiñas, por la pobre conducta profesional desplegada, y le apercibimos de que, en lo sucesivo, deberá cumplir estrictamente con los deberes que exigen los Cánones de Ética Profesional para con sus clientes. De volver a incurrir en otra falta al deber profesional, no seremos tan benévolos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Negrón García y Hernández Denton no intervinieron. La Juez Asociada señora Naveira de Rodón está inhibida.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo