EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
|---|---|
| Nicolás Díaz Ruiz | 99 TSPR 176 |

Número del Caso: CP-1998-11

Fecha: 22/11/1999

De la Oficina del Procurador General: Lcda. Ivonne Casanova Pelosi

Abogados de la Parte Querellada: Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nicolás Díaz Ruiz

CP-98-11

Conducta
Profesional

PER CURIAM

San Juan, Puerto Rico, a 22 de noviembre de 1999

I

El 5 de octubre de 1998, el Procurador General presentó querella contra el Lcdo. Nicolás Díaz Ruiz. Le imputó violar, 1) las obligaciones impuestas al notario por el Art. 2 de la Ley Núm. 75 del 2 de julio de 1987; 2) el Canon 18 de Ética Profesional que obliga a todo abogado desempeñarse capaz y diligentemente, desplegando su más prudente saber y habilidad; y 3) el Canon 19 de Ética Profesional que exige mantener al cliente siempre informado de todo asunto que surja en el desarrollo del caso que le ha sido encomendado.

Designamos Comisionado Especial al Hon. Arnaldo

López Rodríguez para que en presencia de las partes, escuchara, recibiera la prueba y nos rindiera un Informe. Con vista al mismo, resolvemos.

II

El 27 de septiembre de 1989, el Lcdo. Díaz Ruiz autorizó las Escrituras Públicas de Compraventa Núms. 36 y 37, mediante las cuales Don Fernando García Arroyo vendió a Don Tiburcio Figueroa Fonseca, Don Máximo Carbo Orta y esposa, Doña Inés Román Díaz (escritura núm. 36), así como a Don Gabriel Casas Terrazas, Doña Beatriz Alicea Rivera, Don Héctor Luis Martínez López y su esposa Doña María Class López (escritura núm. 37), dos predios de terreno colindantes entre sí, fincas Núms. 4,555 y 4,476, respectivamente, sitas en el Barrio Espino, San Lorenzo.[1]

En su gestión notarial, el Lcdo. Díaz Ruiz no realizó estudio de título antes del otorgamiento de dichas Escrituras y, en su lugar, dependió de uno entregado por el vendedor García Arroyo. En ambas Escrituras se aseveró que "[l]os compradores, [Figueroa Fonseca, et al.] tienen conocimiento de que existe un gravamen de SEIS MIL DÓLARES ($6,000.00) que afecta dicha propiedad". **Sin embargo, García Arroyo ocultó un gravamen de primera hipoteca a favor de la**

---

[1] El Lcdo. Díaz Ruiz autorizó también la escritura Núm. 40 el día 19 de octubre de 1989, mediante la cual Don Tiburcio Figueroa Fonseca le vendió su participación en la finca Núm. 4,555 a Don Manuel González Rosario y María Teresa Carbo Román.

**Farmer's Homes Administration por $15,913.00, constituida por él.**

No hay constancia que el Lcdo. Díaz Ruiz advirtiera a los otorgantes, en particular a los compradores Figueroa Fonseca, et al., la necesidad de una investigación registral independiente a la que le entregó García Arroyo. Tampoco presentó las Escrituras al Registro de la Propiedad ni advirtió a Figueroa Fonseca, et al., sobre la necesidad de presentarlas.

Una vez advertido de ese gravamen ocultado, Figueroa Fonseca, et al., con el propósito de recobrar el importe de esa deuda hipotecaria a favor de la Farmer's Homes Administration, demandaron a García Arroyo y al Lcdo. Díaz Ruiz. Al transigir la demanda, acordaron que García Arroyo cancelaría la hipoteca a favor de la Farmer's Homes y el Lcdo. Díaz Ruiz pagaría a Figueroa Fonseca, et al., $6,000.00 por los gastos incurridos en el litigio.

En su contestación a la querella, el Lcdo. Díaz Ruiz reiteró que Figueroa Fonseca, et al., consintieron otorgar las Escrituras con el estudio de título que le entregó García Arroyo. Respecto a su inscripción, adujo que Figueroa Fonseca, et al., le solicitaron no las presentara al Registro debido a que estaba pendiente en los tribunales un pleito de daños y perjuicios contra la Autoridad de Acueductos y Alcantarillados en el que ellos eran demandantes y no deseaban que dicha agencia conociera sus otras propiedades.

III

En Puerto Rico, el notario representa la fe pública y no a ningún cliente en particular. In re Raya, 117 D.P.R. 797 (1986); In re Lavastida, 109 D.P.R. 45 (1979). Su función trasciende el acto externo de legalizar firmas. "Presupone la creación de un nivel de entendimiento y comunicación entre el fedante y los otorgantes que le permite a éstos formar una racional conciencia del acto en que concurren. La fe pública notarial tiene como base la voluntad ilustrada de los contratantes; no puede ser fruto de la ignorancia y la obscuridad. El notario, principal instrumento de la fe pública, tiene la indeclinable obligación de propiciar y cerciorarse de ese estado de conciencia **informada supliendo las explicaciones, aclaraciones y advertencias en todo caso en que hagan falta para lograr el consentimiento enterado de los otorgantes al acto notarial**. Ha de dar fe y autenticidad conforme a las leyes... La sociedad debe tener en todo notario una garantía de certeza y de limpieza en los actos y contratos cuya autenticidad le encomienda, condiciones que sólo pueden lograrse a la luz del entendimiento." In re Pereira Esteves, res. en 30 de noviembre de 1998, 98 TSPR 160; In re Mundo Rodríguez, res. en 10 de septiembre de 1998, 98 TSPR 120; In re Angel L. Delgado, 120 D.P.R. 518 (1988); In re Josué Flores Torres, 119 D.P.R. 578 (1987); In re Raya, supra; Chévere v. Cátala, 115 D.P.R. 432 (1984); In re Meléndez Pérez, 104 D.P.R. 774 (1976).

El Lcdo. Díaz Ruiz incumplió su deber de advertir a los otorgantes la necesidad de investigar las circunstancias registrales de las propiedades objeto de las Escrituras. De advertirlo, debió hacerlo constar.

Respecto a la falta de inscripción de las Escrituras en el Registro, aunque la Ley Notarial no impone al notario dicha obligación, entre las funciones inherentes al ejercicio del notariado, se destaca el deber de informar al comprador la necesidad de presentarlas inmediatamente. Rosas González v. Acosta Pagán, 134 D.P.R. 720 (1993). El Lcdo. Díaz Ruiz no hizo tales advertencias.

Más aún, según concluyó el Comisionado Especial, Hon. López Rodríguez, la excusa del Lcdo. Díaz Ruiz para no presentar las Escrituras al Registro, fue el deseo de Figueroa Fonseca, et al., de ocultarle al Tribunal en el que se dilucidaba un caso de daños y perjuicios, que poseían otras propiedades. Dicha conducta configura complicidad del Lcdo. Díaz Ruiz en la ocultación de información importante para la tramitación del pleito incoado, conducta en extremo reprobable.

El Canon 8 de Ética Profesional dispone que "[e]l abogado **no debe permitir** que sus clientes, en el trámite de los asuntos que crean la relación de abogado y cliente, **incurran en conducta que sería impropia del abogado si él la llevase a cabo personalmente.** Esta norma tendrá particular aplicación en **lo referente a las relaciones con los tribunales**, los funcionarios judiciales, los jurados, los

testigos y las otras partes litigantes. Cuando un cliente persista en incurrir en tal conducta impropia, el abogado debe terminar con él sus relaciones profesionales." In re Clavell Ruiz, 131 D.P.R. 500 (1992).

Si bien las omisiones del Lcdo. Díaz Ruiz no acarrearon mayores consecuencias y oportunamente resarció económicamente a los perjudicados, ello no lo exime de responsabilidad profesional. Sus acciones representan un pobre juicio profesional y serias faltas, no sólo en la tramitación de su labor notarial, sino en su deber como abogado ante los tribunales y sus clientes. Tal conducta merece nuestro más enérgico rechazo.

Sin embargo, la ausencia de ulteriores daños al cliente y la indemnización que satisfizo el Lcdo. Díaz Ruiz por los gastos del litigio, son elementos que atenúan la sanción disciplinaria. In re Cardona Ubiñas, res. en 29 de julio de 1998, 98 TSPR 114. Procede su suspensión del ejercicio de la notaría por el término de seis (6) meses y nuestra más enérgica censura como abogado. Requerímosle mayor observancia de los cánones éticos, advirtiéndole de mayores sanciones disciplinarias en el futuro, de repetirse su conducta.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:                                                    Conducta
                                    CP-98-11              Profesional
    Nicolás Díaz Ruiz

SENTENCIA

San Juan, Puerto Rico, a 22 de noviembre de 1999

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se suspende al Lcdo. Nicolás Díaz Ruiz del ejercicio de la notaría por el término de seis (6) meses y se le censura enérgicamente como abogado. Se le requiere mayor observancia de los cánones éticos y se le advierte de mayores sanciones disciplinarias en el futuro, de repetirse su conducta.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo