EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Carlos A. Vilches López | 2007 TSPR 84 170 DPR _____ |
| --- | --- |

Número del Caso: AB-2006-83

Fecha: 4 de abril de 2007

Abogado del Querellado:

Lcdo. Carlos Alberto Ruiz

Oficina del Procurador General:

Lcdo. Reinaldo Camps Del Valle
Procurador General Auxiliar

Materia: Conducta Profesional
(La suspensión del abogado advino final y firme el día
7 de mayo de 2007).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Vilches López                 AB-2006-83

PER CURIAM

San Juan, Puerto Rico, a 4 de abril de 2007.

Nos corresponde atender una querella contra un abogado que aceptó la representación legal de unos clientes para instar una demanda en daños y perjuicios, que posteriormente fue desestimada por inactividad e incumplimiento con las órdenes del tribunal, sin que tal hecho fuera informado a sus clientes. Por entender que la actuación del querellado se apartó de las normas éticas que rigen el ejercicio de la profesión, resolvemos que su conducta infringió los Cánones 9, 12, 18, 19 y 35 de Ética Profesional, 4 L.P.R.A. Ap. IX.

## I.

El querellado Carlos A. Vilches López (en adelante, Vilches López) fue admitido al ejercicio de la abogacía el 1 de noviembre de 1978 y al ejercicio del notariado el 22 de noviembre de 1978.

La señora Eneida Castillo Méndez y la señora Enid Ortiz Castillo (en adelante, las querellantes) contrataron los servicios de Vilches López para que las representara en una reclamación de daños y perjuicios a causa de un accidente automovilístico en el que ellas y un menor sufrieron daños ascendentes a setecientos veintiséis mil dólares ($726,000). Al momento de la contratación, las querellantes le adelantaron la cantidad de mil dólares ($1,000) para dar inicio al litigio.

Vilches López presentó la demanda ante el tribunal y diligenció los emplazamientos. **No obstante, no hizo ninguna gestión oficial adicional.** Como consecuencia de ello, el tribunal dictó una orden imponiéndole sanciones. Al enterarse las querellantes de dicha orden, acudieron a la oficina de Vilches López con el fin de obtener una explicación. Éste les informó incorrectamente que todo estaba bien y que sólo se trataba de una sanción económica que él mismo costearía. Posteriormente, y ante el persistente abandono del caso por parte de Vilches López, el Tribunal de Primera Instancia desestimó el caso al amparo de la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2, por inactividad e

incumplimiento con las órdenes del tribunal. **Vilches López no notificó a las querellantes de dicha sentencia de archivo.**

Así las cosas, las querellantes decidieron acudir al tribunal en donde, para sorpresa, advinieron en conocimiento de que su caso había sido desestimado. En vista de ello, acudieron a la oficina de Vilches López solicitando la entrega del expediente del caso. Ante la insistencia de las querellantes, Vilches López entregó el expediente incompleto. Finalmente, pidió disculpas y solicitó una oportunidad para radicar unas mociones.

En atención a lo anterior, las querellantes presentaron la queja de epígrafe en la que alegaron que Vilches López radicó una demanda y no hizo gestión oficial alguna, dejándolas sin causa de acción para reclamar por los daños sufridos a causa del accidente automovilístico. Además, sostuvieron que Vilches López no las mantuvo informadas del status del caso y les creó falsas expectativas. Por otro lado, indicaron que Vilches López mintió ante este Tribunal al alegar que no había conseguido representación legal para el procedimiento disciplinario, cuando en realidad sí tenía abogado y éste estaba negociando un acuerdo transaccional con las querellantes.

Por su parte, Vilches López compareció ante este Tribunal aceptando haber cometido las faltas imputadas y atribuyó el incumplimiento con su deber ético al hecho de

que su esposa había fallecido recientemente. Admitió que no hizo ninguna gestión adicional a la de radicar la demanda y gestionar los emplazamientos, por lo que la demanda se desestimó exclusivamente por su negligencia; que incumplió con su deber de mantener informadas a las querellantes en todas las etapas del pleito; y que les informó que su reclamación resultaría en indemnización económica. Expresó, además, su disposición para someterse al procedimiento disciplinario que este Tribunal estimare conveniente.

El Procurador General sometió ante nuestra consideración el Informe relativo a la referida queja contra Vilches López. En el mismo, concluyó que se justificaba el inicio de un procedimiento disciplinario por entender que la conducta de Vilches López violentó los cánones 9, 12, 18, 19, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Sometido el caso, estamos en posición de resolver.

II.

El Canon 18 de Ética Profesional, 4 L.P.R.A. *Ap. IX C.18.,* establece que es deber de todo abogado defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estime adecuada y responsable. Justamente, el deber ético exige actuar con el más alto grado de diligencia y competencia posible. *In re Ortiz López*, res. 22 de

diciembre de 2006, 2007 T.S.P.R.; *In re Ortiz Morales*, res. el 8 de noviembre de 2005, 2005 T.S.P.R. 199. Por ende, sostenemos que todo abogado tiene la obligación de atender los intereses de sus clientes desplegando la mayor diligencia, celo y cuidado en los asuntos que le han sido encomendados. *In re Laborde Freyre*, 149 D.P.R. 59 (1999). Así, por ejemplo, constituye una violación a los cánones 18 y 19 de Ética Profesional, *supra*, cuando un abogado retiene una suma de dinero que se le entregó en concepto de honorarios sin realizar la gestión a la cual se comprometió. *In re Arroyo Ramos*, res. 17 de abril de 2003, 2003 T.S.P.R. 60; *In re Rivera Carmona*, 114 D.P.R. 390 (1983).

A tenor con ello, un abogado no debe asumir la representación legal de un cliente cuando está consciente de que no puede rendir una labor idónea y competente. Esto incluye las situaciones en las que el estado anímico del abogado lo torna incapaz de atender el caso. *In re Díaz Alonso*, 115 D.P.R. 755 (1984). En consecuencia, un abogado que acepta un caso y luego no demuestra la competencia y diligencia que se le exige en el ejercicio de la abogacía infringe su deber ético. Dicho de otro modo, la desidia, despreocupación, inacción y displicencia como patrón de conducta violenta las disposiciones del Código de Ética Profesional. *In re Padilla Pérez,* 135 D.P.R. 770 (1994); *In re Arana Arana*, 112 D.P.R. 838 (1982).

Entre las conductas que contravienen los principios del Canon 18 de Ética Profesional, *supra*, se encuentran: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción; (6) cualquier tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso. *In re Collazo I*, res. el 3 de abril de 2003, 2003 T.S.P.R. 76. Así, hemos enfatizado que desatender o abandonar un caso infringe el principio de diligencia recogido en el Canon 18, *supra*. *In re Ortiz López*, supra; *In re Roca Roselli*, res. el 1 de abril de 2005, 2005 T.S.P.R. 60; *In re Diaz Santiago*, res. el 4 de marzo de 2005, 2005 T.S.P.R. 26. Por tanto, un abogado no debe desatender un litigio al extremo de que por su inactividad se archive el mismo, lo cual, de ordinario, acarrea cuando menos una suspensión del ejercicio de la profesión. *In re Rosario*, 116 D.P.R. 462 (1985).

De otra parte, no mantener informado al cliente constituye uno de los ejemplos más claros de violación al deber de representar al cliente con fidelidad, lealtad y diligencia. *In re Cardona Vázquez,* 108 D.P.R. 6 (1978). El Canon 19 del Código de Ética Profesional, 4 L.P.R.A. *Ap. IX, C. 19*, en lo pertinente dispone que "el abogado debe mantener a su cliente siempre informado de todo

asunto importante que surja en el desarrollo del caso que le ha sido encomendado." Tal deber es indispensable para el bienestar de la relación abogado-cliente, la cual se caracteriza por ser una de la mayor confianza. *In re Hernández Nazario*, res. 28 de marzo de 2003, 2003 T.S.P.R. 45. Precisamente, hemos resuelto que una sentencia de archivo, que pone fin a la causa de acción, es uno de los asuntos a ser informados por el abogado inmediatamente a su cliente. *In re Cardona Urbiñas*, 146 D.P.R. 598 (1998); *Colón Prieto v. Geigel*, 115 D.P.R. 232 (1984). Tal omisión podría conllevar la suspensión del ejercicio de la abogacía. *In re Ortiz Velázquez*, 145 D.P.R. 308 (1998); *In re Maduro Classen*, 142 D.P.R. 611 (1997).

Cónsono con los deberes mencionados anteriormente, el Canon 35 de Ética Profesional, 4 L.P.R.A. *Ap. IX, C.35* requiere sinceridad y honradez en las actuaciones del abogado ante los tribunales y para con sus clientes. Ello se exige con el fin de preservar el honor y la dignidad de la profesión, ya que el compromiso de un abogado con la verdad debe ser siempre incondicional. *In re Fernández de Ruiz*, res. 21 de abril de 2006, 2006 T.S.P.R. 73. Tal deber se infringe con el simple hecho de faltar a la verdad, independiente de los motivos que tenga el abogado. *In re Astacio Caraballo*, 149 D.P.R. 790 (1999).

Por su parte, el Canon 9 de Ética Profesional, 4 L.P.R.A. *Ap. IX, C.9*, obliga a los abogados a observar

una conducta hacia los tribunales que se caracterice por el mayor respeto. Tal deber lleva consigo la obligación de atender pronta y diligentemente las órdenes del tribunal y comparecer a los señalamientos judiciales con respecto a la tramitación de las causas de sus clientes. *In re Soto Colón*, 155 D.P.R. 623 (2001). De igual forma, el deber de comparecer y atender las órdenes del tribunal lo requiere el Canon 12 de Ética Profesional, 4 L.P.R.A. *Ap. IX C.12*. Dicho deber es extensivo a todas las etapas del litigio, con el fin de que no se causen dilaciones indebidas en la tramitación y solución de los casos. *In re Rodríguez Villalba*, res. 12 de diciembre de 2003, 2004 T.S.P.R. 23.

En conclusión, reiteramos que un abogado que acepta un caso y no demuestra la competencia y diligencia que exige la profesión, y no mantiene al cliente informado de los desarrollos del caso, incurre en violación seria de la ética profesional. *In re Verdejo Roque*, 145 D.P.R. 83 (1998). Asimismo, el desatender las órdenes del tribunal y no comparecer a las vistas pautadas constituye una falta de respeto al tribunal lo que infringe los deberes éticos consagrados en los cánones 9 y 12 del Código de Ética Profesional.

### III.

En el presente caso, Vilches López admitió que fue negligente en la tramitación del pleito de las querellantes al no realizar ninguna gestión ulterior a la

radicación de la demanda y el diligenciamiento de los emplazamientos. Asimismo, aceptó haberse ausentado de las vistas y no haber contestado las órdenes del tribunal. En adición, reconoció no haber informado a las querellantes de la desestimación de su caso. No cabe duda que las actuaciones de Vilches López se caracterizaron por un alto grado de descuido y negligencia en el desempeño de sus funciones como abogado, violando de esa manera los deberes contemplados en los cánones 9, 12, 18, 19, y 35 del Código de Ética profesional.

Pese a lo anterior, hemos reconocido ciertos criterios atenuantes que podemos tomar en consideración a la hora de disciplinar a un abogado. Así, por ejemplo, hemos señalado que la reputación del abogado en la comunidad, el historial previo, la aceptación de la falta y su sincero arrepentimiento pueden ser factores a considerar para imponer una sanción menos severa. *In re Bryan Picó*, 150 D.P.R. 1 (2000). En este caso, precisamente, Vilches López pidió disculpas y expresó su sincero arrepentimiento. Además, intentó indemnizar a las querellantes por los daños que su negligencia les pudo causar. Finalmente resulta importante el hecho de que la acción fue radicada nuevamente y culminó en una transacción a favor del menor. Todos estos elementos, sin duda, afectan nuestra determinación con respecto a la medida disciplinaria aplicable a Vilches López. *In re*

*Quiñónez Ayala*, res. el 30 de junio de 2005, 2005 T.S.P.R. 99, *In re Pagan Ayala*, 117 D.P.R. 180 (1986).

En atención a todo lo anterior, suspendemos a Vilches López del ejercicio de la abogacía por el término de tres (3) meses por su desidia en el ejercicio de la profesión. Se le apercibe que su incumplimiento con los deberes éticos en el futuro puede conllevar una sanción más severa.

El Alguacil General de este Tribunal deberá incautar la obra y sello notarial de Vilches López y entregarlos a la Directora de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Vilches López                 AB-2006-83


SENTENCIA

San Juan, Puerto Rico, a 4 de abril de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la suspensión de Vilches López del ejercicio de la abogacía por el término de tres (3) meses por su desidia en el ejercicio de la profesión. Se le apercibe que su incumplimiento con los deberes éticos en el futuro puede conllevar una sanción más severa.

El Alguacil General de este Tribunal deberá incautar la obra y sello notarial de Vilches López y entregarlos a la Directora de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez hace constar que está sustancialmente de acuerdo con la ponencia, pero estima que la suspensión debe ser por solo un mes.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo