EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Jaime Rodríguez Cora | 2015 TSPR 99 |
| | 193 DPR ____ |

Número del Caso: CP-2010-3

Fecha: 3 de julio de 2015

Materia: Conducta Profesional - La suspensión del abogado será efectiva el 20 de julio de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*: <br><br> Jaime Rodríguez Cora | CP-2010-0003 |  |

PER CURIAM

San Juan, Puerto Rico, a 3 de julio de 2015

I

El 16 de diciembre de 2008, la Sra. Eileen Domenech Rodríguez presentó una queja en contra del Lcdo. Jaime Rodríguez Cora ante este Foro. En ésta, alegó que había contratado los servicios del licenciado para que éste diligenciara los trámites relacionados con la liquidación y adjudicación de un caudal relicto que pertenecía a sus dos hijas menores de edad. Según surge de la queja presentada, el padre de las menores, Sr. Luis Alfredo Vélez Acevedo, también mantenía una póliza de seguro de vida en la cual las dos menores de edad y la señora Domenech Rodríguez figuraban como beneficiarias. En su queja, la señora Domenech relató que, a pesar de que no medió un contrato escrito entre las partes, se acordó una comisión por los servicios legales del licenciado Rodríguez Cora, la cual fluctuaría entre un 7% y un 10%. La señora Domenech Rodríguez sostuvo que, aun existiendo ese acuerdo verbal, el licenciado Rodríguez Cora había facturado una cuantía mucho mayor e, incluso, había

cobrado honorarios por garantizar el pago de la póliza de seguro de vida, para la cual tanto ella como las menores eran beneficiarias. En su querella, la señora Domenech Rodríguez arguyó que la referida póliza no formaba parte del caudal relicto sujeto a liquidación, por lo que era improcedente que el licenciado Rodríguez Cora cobrara por tramitar su pago. Además, la señora Domenech Rodríguez alegó que, ante su insatisfacción con los servicios prestados por el licenciado, se vio obligada a advertirle a éste que cualquier factura adicional relacionada con los bienes de las menores tendría que ser canalizada mediante un tribunal, puesto que ella no tenía dinero para pagarle.

Así las cosas, el licenciado Rodríguez Cora presentó una moción ante el Tribunal de Primera Instancia, sala de Aguadilla, solicitando el pago de honorarios de abogado por los servicios prestados. En su queja, la señora Domenech Rodríguez indicó que, una vez el Tribunal de Primera Instancia se percató de la ausencia de un contrato de servicios legales escrito entre las partes, comenzó a investigar más a fondo los pormenores del caso. Relató la señora Domenech Rodríguez que, ante la inminente investigación por parte del foro primario, el licenciado Rodríguez Cora renunció a la representación legal.

La señora Domenech Rodríguez procedió entonces a contratar los servicios del Lcdo. Sergio Radinson Caraballo, quien se encargó de realizar todos los trámites conducentes a liquidar y adjudicar el caudal relicto de

las menores. No empece la renuncia del licenciado Rodríguez Cora, el Tribunal de Primera Instancia procedió a citarlo para dilucidar si éste había cobrado indebidamente por las gestiones que realizó para asegurar el pago de las pólizas a favor de las menores. Ante esta situación, el licenciado Rodríguez Cora, representado por la Lcda. Norma Brignoni Serrano, se reunió con el licenciado Radinson Caraballo en aras de llegar a un acuerdo en torno al pago de honorarios. En la reunión se acordó que el licenciado Rodríguez Cora devolvería a la señora Domenech Rodríguez la suma de $10,547.89 en un término de cuatro (4) meses. Este acuerdo fue concertado en octubre de 2005.

Según se desprende de la queja, no fue hasta el 13 de marzo de 2008 que la licenciada Brignoni Serrano remitió a la señora Domenech Rodríguez un cheque por la cantidad de $3,000. Tras recibir ese cheque, la señora Domenech Rodríguez, por vía de su representante legal, continuó intentando cobrar el remanente de la deuda conforme al acuerdo pactado. Sin embargo, luego de varios intentos infructuosos, la señora Domenech Rodríguez anuló el acuerdo y devolvió los $3,000 al licenciado Rodríguez Cora.[1] Consiguientemente, la señora Domenech Rodríguez

---

[1] El licenciado Rodríguez Cora alega que se vio imposibilitado de continuar haciendo los pagos según acordados en la transacción toda vez que el Tribunal de Primera Instancia, Sala de Aguadilla no aceptó la estipulación transaccional suscrita por las partes. El foro primario razonó, al no aceptar el acuerdo, que no se

presentó la queja que nos ocupa y solicitó que el licenciado Rodríguez Cora fuera desaforado y que se le ordenara pagar una suma ascendente a $21,095.89 en concepto de cobro de lo indebido.

El 28 de enero de 2009, se le concedió un término de diez (10) días al licenciado Rodríguez Cora para que compareciera y reaccionara por escrito a la queja presentada en su contra. Ante su incomparecencia, el 20 de marzo de 2009, se le concedió un término adicional improrrogable de cinco (5) días para comparecer. El licenciado Rodríguez Cora no compareció nuevamente, por lo que el 18 de junio de 2009 se le concedió, mediante resolución, un término final de diez (10) días y se le apercibió que el incumplimiento con la resolución podría conllevar sanciones disciplinarias, incluyendo la suspensión de la práctica de la abogacía.

El 24 de junio de 2009, el licenciado Rodríguez Cora compareció mediante una *Moción en solicitud de prórroga*. En ésta, adujo que los reclamos contenidos en la queja estaban siendo atendidos por el Tribunal de Primera Instancia de Aguadilla, por lo que procedía esperar a que ese foro aquilatara la prueba y emitiera una resolución.[2]

---

había consultado previamente con la Procuradora de Menores ni con el Defensor Judicial de éstas.

[2] Inicialmente, las partidas relacionadas con la póliza fueron cuestionadas por la Procuradora de Relaciones de Familia ante el Tribunal de Primera Instancia. Una vez el foro primario advino en conocimiento de esas partidas, fue que salió a relucir que éstas habían sido utilizadas por la señora Domenech Rodríguez para pagar los honorarios de

En la alternativa, solicitó que se le concediera un periodo de treinta (30) días para tramitar la contratación de representación legal y estar en mejor posición de defenderse de la queja instada en su contra.

El 30 de junio de 2009, se le concedió al licenciado Rodríguez Cora un término de veinte (20) días para contestar la queja. Posteriormente, el 21 de julio de 2009, el licenciado Rodríguez Cora presentó una *Moción informativa y en oposición a queja*, mediante la cual alegó que: (1) el acuerdo verbal establecía honorarios de un 10% de lo que recibieran las menores de edad; (2) no medió incertidumbre con relación a los trabajos a realizarse en la liquidación y adjudicación del caudal, y (3) los honorarios cobrados no fueron por gestionar el pago de las pólizas a favor de las menores, sino por asegurar que la casa aseguradora remitiera este pago directamente a la señora Domenech Rodríguez. Además, alegó que no se configuró el cobro de lo indebido y que técnicamente pudo haber cobrado más. No obstante, indicó que ante el Tribunal de Primera Instancia había afirmado que estaría dispuesto a devolver lo cobrado con relación a la póliza. Por último, explicó que se vio imposibilitado de continuar pagando la cuantía acordada extrajudicialmente, puesto que

---

abogado. Conforme a esto, el Tribunal de Primera Instancia investigó más a fondo, percatándose de que la señora Domenech Rodríguez también había utilizado el dinero de la póliza perteneciente a las menores para adquirir un inmueble, el cual luego fue gravado con una hipoteca, e invertir en el mercado de valores. Estas transacciones se realizaron sin solicitar autorización judicial.

el foro primario no había aprobado tal transacción ya que no se había consultado a la Procuradora de Menores ni al Defensor Judicial de las menores involucradas. Aun así, el licenciado Rodríguez Cora reiteró que estaba dispuesto a devolver todo el dinero cobrado en aras de prevenir los posibles perjuicios a su reputación que resultarían de la queja presentada.

El 23 de julio de 2009, referimos el expediente de la queja a la Oficina de la Procuradora General para la presentación del informe correspondiente, el cual fue presentado el 2 de noviembre de 2009. En éste, se concluyó que el licenciado Rodríguez Cora había incurrido en posibles violaciones a los Cánones 18, 24 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18, C. 24, C. 38. A tenor con este informe, el 15 de enero de 2010, emitimos una resolución mediante la cual se le ordenó a la Oficina de la Procuradora General presentar una querella en contra del licenciado Rodríguez Cora. La querella fue presentada el 26 de abril de 2010, por lo que el 28 de abril de 2010, se le ordenó al licenciado presentar su contestación en un término de quince (15) días. Así las cosas, el 3 de noviembre de 2010, mediante resolución, referimos la querella a la Comisionada Especial, Hon. Eliadis Orsini Zayas, quien procedió a presentar su informe el 3 de julio de 2012. En éste, se concluyó que, en lo relativo a los dineros cobrados por el licenciado Rodríguez Cora en concepto de honorarios de abogado "no

medió nunca autorización judicial previo a recibir las cantidades y que dichos honorarios provenían de una masa común de dinero que contenía los dineros de doña Eileen Domenech y los de sus hijas menores de edad". *Informe de la Comisionada Especial*, en la pág. 56. Además, la Comisionada determinó que la versión de la señora Domenech Rodríguez, a los efectos de que dispuso indebidamente del patrimonio de las menores de edad con el asesoramiento legal del licenciado Rodríguez Cora, no merecía credibilidad. Esto, puesto que la señora Domemenech Rodríguez continuó disponiendo indebidamente del dinero perteneciente a las menores aun luego de la renuncia del licenciado Rodríguez Cora "pues ese era su deseo y convencimiento desde el inicio". *Id.* en la pág. 65.[3]

---

[3] La Comisionada, al determinar inconsistencias en la versión de los hechos presentada por la señora Domenech Rodríguez, aludió a una declaración jurada del Lcdo. Yamil M. Caro Pérez, quien refirió a la señora Domenech Rodríguez al licenciado Rodríguez Cora y participó de la primera reunión entre ambos. Por tanto, éste presenció el acuerdo verbal suscrito entre ellos. En su declaración jurada, el licenciado Caro explica cómo el licenciado Rodríguez Cora informó a la señora Domenech Rodríguez que la póliza no formaba parte del caudal y que, para utilizar los fondos de las menores en exceso de $2,000, era necesario solicitar una autorización judicial. Además, indica que las partes convinieron, a solicitud de la señora Domenech Rodríguez, que el licenciado haría las gestiones conducentes a que el pago de la póliza a favor de las menores se le hiciera directamente a ella y que, de tener éxito, cobraría honorarios por las mismas. No obstante, al momento del acuerdo, el licenciado Rodríguez Cora desconocía si la compañía de seguros podría expedir el cheque a nombre de la señora Domenech Rodríguez, por lo que no había certeza en que dichas gestiones rindieran fruto. Véase *Declaración jurada del Lcdo. Yamil M. Caro Pérez*, en *Moción en oposición a Informe del Procurador General*, Anejo 4.

**II**

En nuestra jurisdicción, las actuaciones de los abogados y abogadas deben ceñirse al Código de Ética Profesional, cuyos cánones constituyen las normas de conducta que regulan su desempeño, tanto en el ámbito profesional como en otras actividades en las que se desenvuelven. Véase *In re Izquierdo Stella* 154 D.P.R. 732 (2001). En el caso que nos ocupa, se le imputan al licenciado Rodríguez Cora, en el descargo de sus responsabilidades profesionales, violaciones a los Cánones 18, 24 y 38 de ese Código. Procede, pues, evaluar la procedencia de tales cargos. Por entender que las actuaciones del licenciado Rodríguez Cora constituyen violaciones a los Cánones 18 y 24 y son sancionables bajo éstos, consideramos superfluo, en este caso, acudir al Canon 38 al imponer la medida disciplinaria correspondiente.

**A**

El Canon 18 del Código de Ética Profesional regula lo relativo al deber de competencia del abogado al cliente. El referido Canon establece, en lo pertinente, que "[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". 4 L.P.R.A. Ap. IX, C.18. Además, el Canon 18

establece que el abogado debe desempeñarse de forma capaz y diligente, siempre actuando dentro de los límites de la ley. Véase *id.*

En la querella presentada en contra del licenciado Rodríguez Cora, se le imputa no haber desplegado la debida diligencia en su representación de las menores cuyos bienes la señora Domenech Rodríguez administraba. Esto es, el licenciado Rodríguez Cora, al realizar los trámites relacionados con la liquidación del caudal relicto en cuestión, y cobrar honorarios por esas diligencias, debió haber procurado que la señora Domenech Rodríguez solicitara la debida autorización judicial previo al pago de los honorarios, conforme al Artículo 159 del Código Civil, 31 L.P.R.A. sec. 616.

En ocasiones anteriores, hemos sido inequívocos al afirmar que el Canon 18 del Código de Ética Profesional impone a los miembros de la profesión legal el deber ineludible e indelegable de defender los intereses de sus clientes, desplegando su máximo conocimiento de manera adecuada y responsable. Véanse *In re Pizarro Colón*, 151 D.P.R. 94, 105 (2000); *In re Mundo Rodríguez*, 146 D.P.R. 639 (1998); *In re Cardona Ubiñas*, 146 D.P.R. 598 (1998); *In re Osorio Díaz*, 146 D.P.R. 39 (1998); *In re Vélez Valentín*, 124 D.P.R. 403 (1989), *In re Arana Arana*, 112 D.P.R. 838 (1982). Como adelantamos, es una norma claramente establecida en nuestro ordenamiento que cualquier transacción que involucre bienes de menores que

exceda los $2,000 requiere autorización judicial. Véase Artículo 159 del Código Civil, 31 L.P.R.A. sec. 616. El referido articulado exige previa autorización del tribunal cuando un padre o madre que ostente patria potestad se proponga enajenar o gravar bienes pertenecientes a un menor cuyo valor exceda los $2,000 y estén bajo su administración.

De los hechos se desprende que, en ningún momento durante la relación contractual, el licenciado Rodríguez Cora procuró que la señora Domenech Rodríguez solicitara la autorización del Tribunal para desembolsar fondos pertenecientes a las menores. Evidentemente, las cuantías desembolsadas por la señora Domenech Rodríguez en concepto de honorarios de abogado por las gestiones realizadas a favor de las menores no cumplen con el requerimiento del Artículo 159 del Código Civil. Por tanto, es altamente reprensible que el licenciado Rodríguez Cora haya cobrado por concepto de honorarios de abogado cuantías que le fueron desembolsadas de manera ilegal y sin tomar en consideración los intereses de las menores de edad a quienes representaba. El licenciado Rodríguez Cora, conforme a los preceptos legales aplicables, sabía o debía saber que tales transacciones eran ilegales, dado el hecho que la señora Domenech Rodríguez no contaba con la autorización judicial correspondiente.

Por último, en lo que respecta al Canon 18, es importante recabar que la cuantía que recibe un

beneficiario de una póliza de seguro de vida no forma parte del caudal relicto. Véanse *In re Barlucea Cordobés*, 155 D.P.R. 284, 291 (2001); *Méndez v. Morales*, 142 D.P.R. 26, 39 (1996). En atención a esto, hemos resuelto que un miembro de la profesión legal infringe el Canon 18 cuando pretende cobrar honorarios contingentes por cuantías recibidas por su cliente en concepto de beneficios de una póliza de seguros que no es parte del caudal sujeto a adjudicación y liquidación. Véase *In re Barlucea Cordobés*, 155 D.P.R. 284, 291 (2001). Según se desprende del expediente, el licenciado Rodríguez Cora hizo entrega a la señora Domenech Rodríguez de una factura "[p]or servicios profesionales y tiempo  invertido en gestionar el pago del producto de una póliza de vida para beneficio de [las menores]" ascendente a $12,755.80. *Apéndice*, en la pág. 30. Dos facturas posteriores en concepto de tramitación del desembolso de la prima ascienden a los $4,169.99 por menor. En éstas, se detalla que la cuantía cobrada es en concepto del 10% de la cuantía desembolsada a favor de cada una de las menores por la compañía aseguradora. Véase *Apéndice* en la pág. 31. Estas actuaciones por parte del licenciado Rodríguez Cora no sólo demuestran falta de competencia en su desempeño profesional sino que, además, constituyen una violación al Canon 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.24, el cual regula lo relativo a los contratos de servicios profesionales y el cobro de honorarios de abogado. Veamos.

**B**

En repetidas ocasiones hemos afirmado que un contrato de servicios profesionales suscrito entre un abogado y un cliente es distinguible de otros contratos típicos de arrendamiento de servicios pues "[l]a relación entre abogado y cliente responde en gran medida a las inexorables exigencias éticas, muy particulares de esta profesión". *Nassar Rizek v. Hernandez*, 123 D.P.R. 360, 369 (1989). Esta naturaleza *sui generis*, exterioriza, a su vez, la responsabilidad social que ostentan los miembros de la profesión legal en nuestro sistema de justicia. A tales efectos, el Canon 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.24, regula lo relativo a los contratos de servicios profesionales y los honorarios de abogados al disponer, en lo pertinente, que la fijación de éstos "debe regirse siempre por el principio de que nuestra profesión es una parte integrante de la administración de la justicia y no un mero negocio con fines de lucro." *Id.*

Asimismo, el Canon 24 preceptúa los factores que deben tomarse en consideración al momento de fijar los honorarios de abogado y establece que "[e]s deseable que se llegue a un acuerdo sobre los honorarios a ser cobrados por el abogado al inicio de la relación profesional y que dicho acuerdo sea reducido a escrito". *Id.* Por último, el Canon 24 prescribe que, cuando un abogado acepta representar a un cliente, "debe considerar que le debe a

éste un máximo de esfuerzo profesional en la medida de su talento y preparación". *Id.* Sin duda, esta disposición está estrechamente relacionada al deber de diligencia y competencia que encarna el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.18.

Consistentemente, hemos expresado que es la mejor práctica que el abogado reduzca a escrito un contrato de servicios profesionales en aquellos casos en que la extensión y el valor de sus servicios no sean fácilmente calculables al inicio de la relación contractual. Este contrato, una vez reducido a escrito, deberá contener los términos de la relación obligacional, libre de ambigüedades y haciendo constar las contingencias previsibles que pudieran surgir durante el transcurso del pleito. Véanse *In re Rodríguez Mercado*, 165 D.P.R. 630, 642 (2005); *Pérez v. Col. Cirujanos Dentista de P.R.*, 131 D.P.R. 545 (1992); *Ramírez, Segal & Látimer v. Rojo Rigual*, 123 D.P.R. 161 (1989); *Colón v. All Amer. Life & Cas. Co.*, 110 D.P.R. 772 (1981). Una vez un contrato se reduce a escrito, además, se evitan potenciales controversias con los clientes relacionadas con la compensación por los servicios profesionales prestados. Véase *In re Rodriguez Mercado*, 165 D.P.R. en la pág. 643; *Méndez v. Morales*, 142 D.P.R. 26 (1996).

Según se desprende de los hechos, en el presente caso, no medió un contrato escrito entre el licenciado Rodríguez Cora y la señora Domenech Rodríguez. Por tanto,

resulta difícil determinar los términos que regirían la relación obligacional entre ambos. Cabe destacar, sin embargo, que el licenciado Rodríguez Cora, en el despliegue de sus responsabilidades como representante legal de la señora Domenech Rodríguez y sus dos hijas menores de edad, no presentó un desglose de las horas trabajadas para justificar la cantidad de dinero que cobró por los servicios prestados a las menores. Tratándose de honorarios por la liquidación de un caudal perteneciente a dos menores de edad y específicamente cuando se pretendía cobrar honorarios por la tramitación del pago de una póliza de seguros, este desglose debía ser presentado ante un defensor judicial o la Procuradora de Relaciones de Familia, puesto que la cuantía cobrada excedía el límite que dispone el Artículo 159 del Código Civil, 31 L.P.R.A. sec. 616.

El licenciado Rodríguez Cora, en su *Moción en oposición al informe del Procurador General*, admitió no tener una relación de tiempo invertido ni gastos incurridos, toda vez que los honorarios fueron pactados en base a un por ciento y no se llevó una bitácora del tiempo invertido en el trámite del caso. En ausencia de un contrato escrito y en atención al hecho de que las cuantías cobradas serían pagadas con el patrimonio de las menores, resultaba recomendable que el licenciado Rodríguez Cora presentara un informe de las gestiones realizadas y las horas trabajadas en beneficio de éstas.

Sólo de esa manera el Tribunal de Primera Instancia hubiese estado en posición de autorizar el desembolso de los fondos en exceso de $2,000 pertenecientes a las menores.

## III

Hemos establecido que, al determinar la sanción disciplinaria aplicable a un abogado querellado, podemos tomar en consideración factores tal y como su historial profesional, si se trata de una primera falta o conducta aislada, el ánimo de resarcir al cliente y cualquier otra consideración que sirva de atenuante o agravante conforme a los hechos. Véase *In re Vélez Barlucea*, 152 D.P.R. 298, 311 (2000). Evaluado el expediente personal del licenciado Rodríguez Cora, notamos que éste no ha sido objeto de procedimiento disciplinario previo. Además, el licenciado Rodríguez Cora ha reiterado su disposición de devolver los honorarios que la señora Domenech Cruz alega fueron cobrados indebidamente. Sin embargo, entendemos que la falta de índole ético-profesional en la que incurrió el licenciado Rodríguez Cora es muy seria, máxime al tratarse de dos menores de edad cuyos intereses debía representar.

Conforme a los hechos reseñados y los fundamentos esbozados, procede decretar la suspensión inmediata del Lcdo. Jaime Rodríguez Cora del ejercicio de la abogacía y la notaría en nuestra jurisdicción por un término de tres (3) meses. Se le apercibe que, de incurrir en violaciones

similares en el futuro, la sanción disciplinaria será más severa. El licenciado Rodríguez Cora tiene el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolver honorarios recibidos por trabajos no realizados e informar prontamente de su suspensión a los foros judiciales y administrativos del País. Deberá presentar una certificación a esos efectos dentro de los treinta (30) días siguientes a la notificación de esta Opinión *Per Curiam*, notificando asimismo al Procurador General. El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*:<br><br>Jaime Rodríguez Cora | CP-2010-0003 |  |

SENTENCIA

San Juan, Puerto Rico, a 3 de julio de 2015

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, procede decretar la suspensión inmediata del Lcdo. Jaime Rodríguez Cora del ejercicio de la abogacía y la notaría en nuestra jurisdicción por un término de tres (3) meses. Se le apercibe que, de incurrir en violaciones similares en el futuro, la sanción disciplinaria será más severa.

El licenciado Rodríguez Cora tiene el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolver honorarios recibidos por trabajos no realizados e informar prontamente de su suspensión a los foros judiciales y administrativos del País. Deberá presentar una certificación a esos efectos dentro de los treinta (30) días siguientes a la notificación de esta Opinión *Per Curiam*, notificando asimismo al Procurador General.

El Alguacil de este Tribunal incautará inmediatamente la obra y el sello notarial del abogado de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Martínez Torres y señor Feliberti Cintrón hacen constar que: "sancionarían al abogado Jaime Rodríguez Cora por violación al Canon 38 de Ética Profesional, 4 LPRA Ap. IX, C. 38, y que además, impondrían una suspensión de seis meses y no meramente de tres." "El Juez Asociado señor Rivera García desea hacer constar la siguiente expresión: Estoy conforme con la determinación de suspender al Sr. Jaime Rodríguez Cora del ejercicio de la abogacía y la notaría, pero entiendo que esta suspensión debió ser por un término no menor de seis meses." El Juez Asociado señor Estrella Martínez concurre sin opinión escrita.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo