*In re* CARLOS J. SANTIAGO TORRES.

*Número:* AB-97-87        *Resuelto:* 5 de diciembre de 1997

INFORME del Procurador General sobre una queja presentada contra el Lcdo. Carlos J. Santiago Torres por alegada representación legal inadecuada. *Se censura al licenciado Santiago Torres por su conducta impropia y se le apercibe que en el futuro se tomarán sanciones más severas en su contra de incurrir en alguna otra falta al deber profesional.*

*Carlos Lugo Fiol, Procurador General*, y *Miguel A. Santana Bagur, Procurador General Auxiliar*, en Informe; *Carlos J. Santiago Torres, pro se.*

PER CURIAM: Tenemos ante nos una queja contra el Lcdo. Carlos J. Santiago Torres, formulada por Irving De León Mejías, quien fuera cliente de aquél. En síntesis y en lo pertinente, aduce De León Mejías que el licenciado Santiago no lo representó adecuadamente en un recurso de apelación ante el Tribunal de Circuito de Apelaciones.[1]

Específicamente, en lo que nos concierne aquí, se le imputa al abogado no haber perfeccionado el recurso de apelación aludido, ya que éste sometió el caso a dicho foro a base de un escrito de apelación y de la transcripción de los procedimientos en instancia, sin haber presentado ante el foro apelativo el alegato correspondiente.

En su informe ante nos en relación con esta queja, el Procurador General de Puerto Rico concluye que, en efecto, el licenciado Santiago Torres, con su proceder durante el trámite apelativo, incumplió con el deber de diligencia que

---

[1] El quejoso también le imputó al licenciado Santiago Torres que la representación legal en instancia fue inadecuada. Sin embargo, estamos de acuerdo con el Procurador General en que el quejoso no tiene razón sobre este particular.

impone el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Al planteamiento del Procurador General en el informe aludido, el licenciado Santiago Torres contestó que aunque es cierto que él no presentó el alegato reglamentario ante el foro apelativo, el quejoso De León Mejías no estuvo por ello en estado de indefensión en ningún momento en el proceso apelativo ante el Tribunal de Circuito de Apelaciones. El Procurador General está de acuerdo con el licenciado Santiago Torres en que el proceso apelativo se condujo propiamente, a pesar de la falta de éste en presentar el alegato correspondiente. Ello fue así porque, no obstante haberse prescindido del alegato reglamentario, el foro apelativo examinó a cabalidad, de modo adecuado, la apelación presentada por De León Mejías. Atendió en sus méritos los planteamientos formulados, y muy brevemente discutidos en el escrito de apelación, que giraban todos en torno a una alegada comisión de errores por el foro de instancia en la apreciación de la prueba que tuvo ante sí dicho foro. El tribunal apelativo examinó de forma detallada la transcripción de la evidencia; ponderó a fondo los planteamientos que le habían sido escuetamente formulados, y dispuso debidamente del recurso de apelación instado a nombre del quejoso.

■ No obstante lo anterior, la conducta del licenciado Santiago Torres, al someter el recurso de apelación referido ante el Tribunal de Circuito de Apelaciones sin haber presentado el alegato reglamentario, puso en riesgo innecesariamente el derecho de apelación que le asistía a su cliente y que era su deber salvaguardar. *Colón Prieto v. Géigel*, 115 D.P.R. 232, 241 (1984). Prescindió riesgosamente de un instrumento sustancial en la práctica apelativa, como lo es el alegato reglamentario. La escasa discusión de los errores alegados en el escrito de apelación no fue adecuada, según lo intimó el propio foro apelativo.

■ El riesgo al que expuso a su cliente constituye una

falta de diligencia seria; ya que, como hemos señalado antes, la etapa apelativa es la última oportunidad que tiene un acusado para demostrar que su convicción es contraria a derecho. *Pueblo v. Ortiz Couvertier*, 132 D.P.R. 883 (1993). El alegato es un instrumento fundamental, particularmente en las apelaciones penales, no sólo para traer a la atención del foro apelativo las normas de derecho y la jurisprudencia aplicable sino, además, para discutir a fondo los errores alegados y para exponer de forma adecuada los fundamentos de la apelación. Véanse: *Pueblo v. Rivera Rodríguez*, 123 D.P.R. 467, 469 (1989); *Pueblo v. Prieto Maysonet*, 103 D.P.R. 102, 107 (1974). El escrito de apelación no constituyó un sustituto adecuado del alegato en este caso.

En resumen, pues, a pesar de que la falta de diligencia del licenciado Santiago Torres no menoscabó los derechos del quejoso en su recurso ante el foro apelativo, no podemos pasar por alto la conducta del licenciado Santiago Torres, que no estuvo cabalmente a la altura de la responsabilidad ética que impone el Canon 18 del Código de Ética Profesional, *supra*. *Véanse: In re Acosta Grubb*, 119 D.P.R. 595 (1987); *In re Rosario*, 116 D.P.R. 462 (1985).

Con arreglo a lo señalado antes, *se CENSURA al licenciado Santiago Torres por su conducta impropia en el caso de epígrafe, y se le apercibe de que en el futuro seremos más severos en la imposición de medidas disciplinarias de incurrir en alguna otra falta al deber profesional.*

El Juez Asociado Señor Rebollo López no intervino.