*In re* ENRIQUE VELA COLÓN.

*Número:* AB-96-126        *Resuelto:* 19 de diciembre de 1997

*Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías*, en Informe; *Enrique N. Vela Colón, pro se.*

PER CURIAM: Ante nuestra consideración fue presentada una queja contra el Lcdo. Enrique N. Vela, suscrita por el el Sr. Héctor Silva Luciano y su esposa, la Sra. Aileen Feliciano González (en adelante los esposos Silva Feliciano). Alegaron, en lo pertinente, que el licenciado Vela Colón no cumplió con el deber de diligenciar de manera responsable y adecuada las gestiones referentes a la presentación e inscripción de una escritura sobre un pagaré garantizado con una hipoteca de propiedad inmueble. Sostuvieron que esta falta de diligencia los ha puesto en riesgo de perder su hogar.

A continuación exponemos los hechos conforme surgen de los documentos que obran en autos.

# I

El 25 de marzo de 1994 los esposos Silva Feliciano adquirieron una propiedad en la Urb. Villa Del Carmen en Ponce, Puerto Rico. Para el perfeccionamiento de la compraventa contrataron los servicios del licenciado Vela Colón, quien otorgó la Escritura de Compraventa Núm. 230.

Ese mismo día, éstos suscribieron un pagaré garantizado con una hipoteca sobre su propiedad inmueble a favor de la R.F. Mortgage and Investment Corporation por la suma de cincuenta y dos mil doscientos cincuenta dólares ($52,250). Este pagaré fue constituido mediante la Escritura de Compraventa Núm. 231, también otorgada ante el licenciado Vela Colón.

Los esposos Silva Feliciano confiaron al licenciado Vela Colón todos los aspectos relacionados al perfeccionamiento de la compraventa, incluso su inscripción en el Registro de la Propiedad.

El 21 de abril de 1994 ellos, en esta ocasión representados por el Lcdo. Gerardo Santiago Puig, presentaron una solicitud de quiebra en el Tribunal de Quiebras de Estados Unidos, al amparo del Cap. 13 de la Ley de Quiebras federal, 11 U.S.C. sec. 1101 *et seq.* A recomendación de su representante legal, éstos cambiaron su solicitud al Cap. 7 de dicha ley.

Como parte de los procedimientos, el síndico de quiebras solicitó una tasación de la propiedad, una certificación de deuda y un estudio de título. En la gestión de conseguir los documentos, el licenciado Santiago Puig descubrió que la hipoteca constituida en la Escritura Núm. 231, que fue suscrita por el licenciado Vela Colón, no estaba inscrita en el Registro de la Propiedad. Dicha omisión trajo como resultado que la propiedad de los esposos Silva Feliciano formara parte de los activos para la liquidación entre los acreedores en el procedimiento de quiebra.

El licenciado Vela Colón contestó la queja y admitió que intervino como notario en las escrituras Núms. 230 y 231,

respectivamente; que ambas escrituras fueron presentadas a los asientos Núms. 203 y 204 del Tomo 771 del Diario de Operaciones del Registro de la Propiedad, Sección Primera de Ponce; que posteriormente recibió una llamada, de la cual no recuerda de quién ni cuándo, en la que le informaron que dichas escrituras habían sido notificadas y como no se corrigieron las faltas, éstas habían caducado, y que a la brevedad posible retiró las escrituras, las corrigió y las volvió a presentar, pagando los derechos correspondientes, por lo que dichas escrituras fueron debidamente inscritas en el Registro de la Propiedad.

Por su parte, la investigación efectuada por la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, reveló lo siguiente:

1. La compraventa y la hipoteca se elevaron a escritura pública el 25 de marzo de 1994 y los quejosos [esposos Silva Feliciano] radicaron la quiebra el 21 de abril de 1994. Por su parte, el notario querellado [licenciado Vela Colón] presentó por primera vez para inscripción dichos títulos el 2 de mayo de 1994.

2. De la contestación del querellado [licenciado Vela Colón] se desprende [,] que [...] como parte de la relación contractual entre las partes, se hallaba comprendida la presentación en el Registro de la Propiedad, de ambos instrumentos públicos.

3. Existe una controversia de hechos respecto a las circunstancias que rodean la primera presentación en el Registro, allá para el 2 de mayo de 1994 y la segunda presentación allá para el 13 de enero de 1995. Esta última se gestiona una vez se entera el querellado [licenciado Vela Colón] que la primera presentación había caducado y que le habían sido notificadas varias deficiencias.[1]

---

[1] Las deficiencias notificadas por el Registrador fueron las siguientes:

"Escritura [Núm.] 230:(1) falta complementar con el poder y la certificación del Registro de Poderes de Wanda I. Fazenbaker a favor de Efraín Ramos Santiago; (2) del firmado aparece el nombre de Wanda I. Fazenbaker como compareciente en la escritura de epígrafe y se omite el de la compareciente Aileen Feliciano González; (3) falta complementar con el consentimiento del Departamento de la Vivienda y (4) pendiente de despacho 204/771 notificado bajo legajo 547.

"Escritura [Núm.] 231:(1) falta inscripción previa; el documento que le da tracto presentado 203/771 fue notificado bajo legajo 546 y (2) falta complementar con el consentimiento del Departamento de la Vivienda."

4. Dichas deficiencias fueron subsanadas. El querellado [licenciado Vela Colón] efectuó una segunda presentación en el Registro de la Propiedad y del estudio de título que se acompaña se desprende que para el 31 de octubre de 1996 dichos títulos se hallaban aún pendientes de inscripción. Por su parte, el querellado afirma en su comunicación del 2 de abril de 1997, que a esta fecha ya se hallan debidamente inscritos.

En su informe la licenciada Carlos concluyó que conforme a sus hallazgos, el licenciado Vela Colón incumplió con el deber de diligencia que impone el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, conforme a lo expresado en *In re Martínez Ramírez*, 142 D.P.R. 329 (1997).[2] Con relación a esta conclusión, el licenciado Vela Colón argumentó que en este caso no aplica lo resuelto en *In re Martínez Ramírez*, supra, ya que los esposos Silva Feliciano no perderían su propiedad, ni el banco perderá su crédito hipotecario. Añadió que, en ánimo de mitigar cualquier daño, éste suscribió en el caso de quiebras un documento titulado *Settlement Agreement* en el que se acordó que el síndico de quiebra recibiría para beneficio de los bienes de los esposos Silva Feliciano la suma de treinta y cinco mil dólares ($35,000), de los cuales el licenciado Vela Colón pagaría treinta mil dólares ($30,000) y el First Bank cinco mil ($5,000).

---

[2] Por su parte, en *In re Martínez Ramírez*, 142 D.P.R. 329, 340–341 (1997), en el cual se le imputó a un notario una violación al Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, por no inscribir a tiempo y en el que también se llevó a cabo un procedimiento de quiebras, este Tribunal expresó lo siguiente:

"En el presente caso, en su capacidad como abogado notario, el querellado asumió la gestión profesional encomendada de *inscribir en el Registro de la Propiedad* la Escritura Núm. 279 en cuestión. Esta gestión fue delegada por el querellado al Sr. Pedro Osorio, quien llevó a cabo la presentación para la inscripción de la referida escritura. No obstante, en relación con dicha escritura, sólo se inscribió la compraventa y se omitió inscribir la hipoteca. Por lo tanto, la hipoteca contenida en dicha escritura no quedó constituida *hasta el 5 de enero de 1985, cuando el querellado finalmente tramitó su inscripción*. Era deber del querellado asegurarse que la gestión que él delegó al señor Osorio se hubiese cumplido a cabalidad. *Al no hacerlo, el querellado incurrió en una falta de diligencia par con sus clientes, causándole daños a éstos y violando así los deberes impuestos por el Canon 18 del Código de Ética Profesional, supra*." (Énfasis suplido.)

## II

En lo pertinente, el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, establece lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Tomando en consideración lo establecido en el Canon 18 del Código de Ética Profesional, *supra*, y aplicado a los hechos que nos ocupan, resulta forzoso concluir, irrespectivamente de los acuerdos habidos entre las partes con relación a la responsabilidad civil del notario, que la conducta del licenciado Vela Colón al no inscribir a tiempo la escritura sobre la hipoteca que grava la propiedad de los esposos Silva Feliciano puso a éstos en riesgo de perder su hogar.

El riesgo al que expuso a sus clientes constituyó una falta de diligencia que, a su vez, refleja una violación al celo, al cuidado y a la prudencia que exige la profesión legal en estos casos. Véanse: *In re Rodríguez Torres*, 104 D.P.R. 758, 765 (1976), e *In re Siverio Orta*, 117 D.P.R. 14, 18 (1986). La conducta del licenciado Vela Colón no estuvo a la altura de la responsabilidad ética que impone el Canon 18 del Código de Ética Profesional, *supra*. Véanse, además: *In re Santiago Torres*, 144 D.P.R. (1997); *In re Acosta Grubb*, 119 D.P.R. 595, 602 (1987), e *In re Rosario*, 116 D.P.R. 462 (1985).

## III

En vista de lo anterior y tomando en consideración las gestiones que efectuara el licenciado Vela Colón para mitigar los posibles daños que su falta de diligencia (Canon 18 del Código de Ética Profesional, *supra*) pudiese haber causado a los querellantes, los esposos Silva Feliciano, y que del expediente personal no surge que éste haya sido objeto de algún procedimiento disciplinario ante nos, *se dictará sentencia en la que se censura y se le apercibe al licenciado Vela Colón de que en el futuro seremos más severos en la imposición de medidas disciplinarias de incurrir en alguna otra falta al deber profesional.*

El Juez Asociado Señor Rebollo López no intervino.